IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| TABITHA A. KEY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Civil Action No. 1:05-0096 |
| | ) |
| DEBORAH HICKEY, Warden, | ) |
| FPC Alderson, | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241), which includes a Supplemental Memorandum, indicating that she is seeking relief pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Document No. 1.)[1]

Petitioner was charged along with two others persons by Indictment filed in May, 2003, in the United States District Court for the Western District of Kentucky with aiding and abetting bank robbery. United States v. Key, Criminal No. 1:03-0017, in the United States District Court for the Western District of Kentucky, Document No. 1. Petitioner was further charged by Indictment filed in September, 2003, in the United States District Court for the Middle District of Tennessee with aiding and abetting another bank robbery. United States v. Key, Criminal No. 1:04-0181, in the United States District Court for the Middle District of Tennessee. Petitioner pled guilty to the charges contained in the Kentucky Indictment in October, 2003. Criminal No. 1:03-0017, in the United States District Court for the Western District of Kentucky, Document No. 51. The Tennessee

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

charges were transferred to the Western District of Kentucky in March, 2004. United States v. Key, Criminal No. 1:04-0181, in the United States District Court for the Middle District of Tennessee, Document No. 17. The Tennessee charges were prosecuted in the Western District of Kentucky's Criminal No. 1:04-0013. Petitioner pled guilty to the Tennessee charges in April, 2004. Criminal No. 1:04-0013, in the United States District Court for the Western District of Kentucky, Document No. 5. The two matters were consolidated in the United States District Court for the Western District of Kentucky for sentencing. Petitioner was sentenced on October 13, 2004, to an 87 month term of imprisonment and a three year term of supervised release. Criminal No. 1:03-0017, in the United States District Court for the Western District of Kentucky, Document Nos. 82 and 84. Petitioner did not appeal her sentence. Rather, Petitioner filed her Petition under Section 2241 initiating this matter on February 3, 2005. Petitioner states the grounds and supporting facts for seeking relief under 28 U.S.C. § 2241 in her Petition as follows (Document No. 1, p. 3.):

> Ground one: Sixth Amendment Violation – Enhancement(s) were not Admitted to or Found by a Jury.
> Supporting Facts: Due to the recent decision by the Supreme Court in Blakely v. Washington, . . . Petitioner's Level should be substantially lower than what it currently is. Because the facts supporting Petitioner's exceptional sentence were neither admitted by Petitioner nor found by a jury, the sentence violated her Sixth Amendment Right to a trial by jury.

Thus, Petitioner claim that in sentencing the District Court enhanced her Offense Level in violation of her constitutional rights. On April 5, 2005, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in the Western District of Kentucky alleging, among other things, ineffective assistance of counsel in view of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Criminal No. 1:03-0017, in the United States District Court for the Western District of Kentucky, Document No. 90. United States Magistrate

Judge E. Robert Goebel recommended that Petitioner's Section 2255 Motion be denied, and the District Court adopted the Magistrate Judge's recommendation. Id., Document Nos. 115 and 120.[2]

### DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Section 2255 proceedings must be initiated in the Court where sentencing occurred.

Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. When she filed her Petition in this case, she was not procedurally barred from proceeding under Section 2255 in the Western District of Kentucky where her sentence was imposed as is clear from the fact that she actually did so, and in

---

[2] Upon filing this Proposed Findings and Recommendation, the undersigned will left side file a copy of the Docket Sheets in the Kentucky and Tennessee matters along with a copy of Magistrate Judge Goebel's recommendation and the District Court's Order adopting it.

any event, she would not have recourse under Section 2241 even if she were procedurally barred from proceeding under Section 2255 in view of her claims in this matter. The United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Booker were based on and extended the rationale which the Court first announced in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). Blakely, decided on June 24, 2004, before Petitioner was sentenced, and Booker, decided in 2005 after Petitioner's sentence became final, do not present cognizable grounds for claiming that Section 2255 is inadequate and seeking relief under Section 2241. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .." Additionally, the Fourth Circuit Court of Appeals has determined that Booker, which made Blakely applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were final prior to the Supreme Court's decision. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.[3]

Date: January 14, 2008.

R. Clarke VanDervort
United States Magistrate Judge

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently incarcerated at Coleman Medium and her address is Tabitha A. Key, #07621-033, FCI Coleman Medium, Federal Correctional Institution, Post Office Box 1032, Coleman, Florida 33521.